IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff,*<br><br>v.<br><br>ANTHONY ALASCIO,<br>*Defendant.* | CRIMINAL NO.: ELH-13-0153<br><br>CIVIL NO.: ELH-20-1043 |

### MEMORANDUM

On April 20, 2020, Anthony Alascio, who is now self-represented, filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. ECF 69. He filed a supplement on May 27, 2021 (ECF 71), along with a memorandum. ECF 71-1. I shall refer to ECF 69 and ECF 71 collectively as the "Motion."

The Motion is founded on the Supreme Court's ruling in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019), and is rooted in defendant's conviction in 2013 for the offense of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951. The government opposes the Motion. ECF 73.

No hearing is necessary to resolve the Motion. For the reasons that follow, I shall deny the Motion.

### I.   BACKGROUND

On April 3, 2013, Alascio ("Petitioner") was charged in a seven-count Indictment with multiple offenses: conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count One); interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count Two); taking a controlled substance by force, violence, and intimidation, in violation of 18 U.S.C. § 2118(a) (Count Three); armed carjacking, in violation of 18 U.S.C. § 2119 (Count Four);

1

conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count Five); possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Six); and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Seven). ECF 1.

On December 23, 2013, Petitioner entered a plea of guilty to the charge in Count One of the Indictment: conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951. ECF 32. The plea was tendered pursuant to a Plea Agreement. ECF 36. According to the Statement of Facts, *id.* at 9-11, defendant and his codefendant committed an armed robbery of the pharmacist at Med One Pharmacy in Woodbine, Maryland on December 28, 2012.

The parties contemplated a final offense level of 28 for Count One, pursuant to the U.S. Sentencing Guidelines ("Guidelines"). *Id.* ¶ 6. That offense level included enhancements for brandishing a firearm, restraint of victims, carjacking, taking CDS, and the monetary loss, as well as deductions for acceptance of responsibility. *Id.*

The Presentence Report (ECF 39) reflected a Criminal History Category of IV. *Id.* ¶ 48. Based on an offense level of 28 and a criminal history category of IV, the Guidelines called for a sentence ranging from 110 to 137 months of incarceration.

At Petitioner's sentencing on March 28, 2014, this Court sentenced Petitioner to a term of 135 months of imprisonment. ECF 51. Counts Two through Seven were dismissed on motion of the government. Petitioner did not file an appeal.

## II.   Legal Standard

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: "(1) 'that the sentence was imposed in violation of the

Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such a sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'" *See Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255); *see United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015); *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010).

Under § 2255, the Petitioner must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceeding invalid. *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). And, "an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

In reviewing the Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Quintero v. Garland*, 998 F.3d 612, 634 (4th Cir. 2021) (same); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (per curiam) (same).

Pursuant to 28 U.S.C. § 2255(b), the court must hold an evidentiary hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief...."

3

*United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021); *see United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Ordinarily, a district court has discretion as to whether to hold a hearing, but "a hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record, or when a credibility determination is necessary to resolve the claim . . . ." *Mayhew*, 995 F.3d at 176-77. If the district court "denies relief without an evidentiary hearing," the appellate court will "construe the facts in the movant's favor." *United States v. Akande*, 956 F.3d 257, 261 (4th Cir. 2020); *see also United States v. Turner*, 841 F. App'x 557, 559 (4th Cir. 2021) (same).

In my view, no hearing is necessary. As discussed below, no colorable claim has been presented in the Petition.

### III. DISCUSSION

Section 924(c)(2) of 18 U.S.C. defines the term "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or Chapter 705 of title 46." Section 924(c)(3) defined a "crime of violence" as "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Subsection (A) of § 924(c)(3) is referred to as the "force clause" or "elements clause." The so called residual clause was found in § 924(c)(3)(B).

On June 24, 2019, the Supreme Court ruled in *United States v. Davis*, ___ U.S. ___, 139 S. Ct. 2319 (2019), that the residual clause definition of "crime of violence," contained in 18 U.S.C. § 924(c)(3)(B), was unconstitutionally vague. *Id.* at 2336. As a result of *Davis*, § 924(c)

convictions that are predicated on offenses that rest solely upon the residual clause definition of a "crime of violence," set forth in § 924(c)(3)(B), are no longer viable.

The ruling in *Davis* foreclosed the viability of § 924(c)'s residual clause definition of a "crime of violence." But, the predicate offenses that qualify, alternatively, as "force clause" crimes of violence and "drug trafficking" offenses, as defined in §§ 924(c)(3)(A) and 924(c)(2), remain viable.

Petitioner's Motion is based on the premise that he is entitled to relief from his conviction for conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951, based on *Davis*. In support of that claim, Petitioner asserts that he was sentenced to 135 months of imprisonment "based on the fact that Conspiracy to Commit Hobbs Act Robbery was determined to be a 'crime of violence.'" *Id.* at 5. Petitioner's argument is without merit.

As recounted earlier, Petitioner was initially charged in a seven-count Indictment. Count Seven of the Indictment charged Petitioner with a violation of 18 U.S.C. § 924(c). However, Petitioner pled guilty to Count One of the Indictment, charging conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951. As a result of that plea, Counts Two through Seven of the Indictment were dismissed. Thus, Petitioner was not convicted of a § 924(c) offense. Rather, he was convicted of a single count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951.

In short, the ruling in *Davis* has no bearing here, because defendant was not convicted under 18 U.S.C. § 924(c). Accordingly, Petitioner's Motion pursuant to *Davis* (ECF 69, ECF 71) shall be denied.

## IV.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck*, 137 S. Ct. at 773. Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

An Order follows, consistent with this Memorandum.

Date: November 3, 2022                                           /s/
                                                                                    Ellen L. Hollander
                                                                                    United States District Judge